UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

          Plaintiff,

v.                                     CASE NO. 2:08-CV-14045
                                     HONORABLE ARTHUR J. TARNOW

MICHIGAN DEPT. OF CORR., et al.

          Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
## AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN

**I.**      **Introduction**

Harold Cage ("Plaintiff"), a state prisoner presently confined at the Muskegon

Correctional Facility ("MCF") in Muskegon, Michigan, has filed a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights related to his

criminal proceedings and his current conditions of confinement. He has been granted permission

to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).[1] In

the first part of his complaint, Plaintiff challenges his criminal proceedings and names his

defense counsel, George Bush, as the defendant. In the second part of his complaint, Plaintiff

challenges the conditions of his confinement alleging that he is being denied proper medical care

---

[1]The Court notes that Plaintiff is a "three-striker" who would normally not be authorized to
proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(g). Plaintiff,
however, makes medical care and accommodation claims which indicate that he may be under
imminent danger of serious physical injury. Accordingly, this case falls within the exception the
three strikes rule. *Id.*

and accommodations in prison and names the Michigan Department of Corrections ("MDOC"),

MDOC Director Patricia Caruso, MCF Warden Shirlee Harry, Correctional Medical Services,

MCF Health Unit Manager Michael Whalen, and Parole Agent Mary A. Malix as defendants.

Plaintiff seeks monetary damages and injunctive relief.

Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, pursuant to 28

U.S.C. § 1915(e) for failure to state a claim against defendant George Bush and transfers the case

to the United States District Court for the Western District of Michigan for further proceedings.

## II.      Discussion

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform

Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte*

dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the

action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c);

28 U.S.C. §§ 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis either in law

or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).

The Court recognizes that a *pro se* complaint should be held to a "less stringent standard"

than one drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se*

complaint, however, must plead facts sufficient to show a legal wrong has been committed for

which the plaintiff may be granted relief.  To state a federal civil rights claim, a plaintiff must

show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Mueller v. Gallina*, 137 Fed. Appx. 847, 850 (6th Cir. 2005); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Plaintiff's complaint against defense lawyer George Bush is subject to dismissal because a public defender or court-appointed counsel, while acting in that capacity, is not a state actor subject to suit under 42 U.S.C. § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff's complaint against defendant Bush must therefore be dismissed.

## III.    Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendant Bush. Accordingly, the Court **ORDERS** that Plaintiff's complaint against defendant George Bush is **DISMISSED WITH PREJUDICE**.

Given the dismissal of defendant Bush, the Court further concludes that this case should be transferred to the United States District Court for the Western District of Michigan. The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part

Cage v. MDOC, et al.
2:08-CV-14045
Page 4 of 5

of the property in question is situated; or (3) any defendant may be found if there is no other

district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials

"reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.

1972). Additionally, a district court may transfer a civil action to any other district where it

might have been brought for the convenience of the parties and witnesses, in the interest of

justice. *See* 28 U.S.C. § 1404(a).

The United States District Court for the Western District of Michigan is the proper venue

and more convenient forum for this action. The remaining defendants reside in either Muskegon

County or Ingham County for purposes of this complaint and the events giving rise to the

remaining claims in the complaint occurred in those counties. Both Muskegon County and

Ingham County lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C.

§ 102(b)(1). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the

United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§ 1391(b) and

1404(a).

Lastly, the Court concludes that an appeal from this order would be frivolous and

therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*,

369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).[2]

   **IT IS SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 25, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[2]The Court makes no determination as to the merits of Petitioner's remaining claims.